UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE K. WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>G. NEWSOME,<br><br>        Defendant. | Case No. 1:21-cv-00840-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF Nos. 10, 11) |

Plaintiff Frankie K. Washington is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint in this action was filed on January 5, 2021, in the Sacramento Division of this Court. (ECF No. 1.) On May 25, 2021, the complaint was transferred to the Fresno Division. (ECF No. 5.)

On September 15, 2021, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint. (ECF No. 10.)

Plaintiff failed to file an amended complaint or otherwise respond to the Court's September 15, 2021 order. Therefore, on October 25, 2021, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF No. 11.) Plaintiff failed to respond to the Court's October 25, 2021 order and the time to do so has now passed. Therefore, dismissal is warranted.

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## COMPLAINT ALLEGATIONS

The Central California Women's Facility (CCWF), is the largest women's prison in the world, and it has become the most dangerous prison in the world because the Governor allows eight women to be crammed into a cell that is insufficient in space causing inmates to become restricted both mentally and physically. It is not possible for the inmates to social distance which places them in

danger of contracting the COVID-19 virus. There are not enough medical beds at the facility to support everyone becoming infected with COVID-19. The staff are not wearing enough protective equipment because face masks are not enough, and inmates are not provided a sufficient supply of soap and sanitizer.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

It appears on the face of Plaintiff's complaint that he has not exhausted her administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit. Plaintiff indicates in the complaint that he did not file an appeal or grievance or complete the

process to exhaust his administrative remedies. (ECF No. 1 at 2.) Plaintiff has answered "no" to the question "Is the process completed?" (Id.) Plaintiff states "[s]ome of us are being told not to file a 602 grievance because we will be given a compass risk assessment score. Staff and inmates are testing positive for Covid-19, and 602 appeals would put us all at great risk of contracting the virus. We don't have enough time." (Id.) (citation omitted). Thus, it appears on the face of the complaint that Plaintiff failed to exhaust his administrative remedies before filing suit. Although it appears Plaintiff contends he is excused from exhausting the administrative remedies, in this instance, and at this time, the Court need not determine the issue. Irrespective of whether Plaintiff exhausted the administrative remedies, for the reasons explained below, the complaint fails to give rise to a cognizable constitutional claim.

### III.
### DISCUSSION

**A.   Governor Newsom as Defendant**

The sole Defendant named in the complaint is California Governor Gavin Newsom in his individual capacity. Plaintiff cannot pursue an individual capacity suit against Governor Newsom because the complaint does not allege that the Governor, acting in his personal capacity, violated plaintiff's rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). The complaint alleges instead that the Governor has failed, in his official capacity, to reduce prison crowding. A state official sued in his official capacity is a suit against the state, and monetary damages suits against such officials are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985). Therefore this action cannot proceed as an official capacity suit for damages.

However, in a suit for prospective injunctive relief at the prison where plaintiff is incarcerated, the MCSP Warden in his official capacity may be an appropriate defendant. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989) (suit for injunctive relief is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief). "A plaintiff seeking

injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991), and Kentucky v. Graham, 473 U.S. at 166).  Therefore, in an amended complaint for prospective injunctive relief only, Plaintiff may name the CCWF Warden in his official capacity.

### B.   Conditions of Confinement

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference....The Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.' " Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, in situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing the *official*." Wilson v. Seiter, 501 U.S. 294, 303 (1991) (citations omitted) (original emphasis).  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a "sufficiently culpable state of mind." Id. at 297 (internal quotation marks, emphasis and citations omitted).

The Court acknowledges COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Fourteenth Amendment claim against any Defendant John Does Commissioner, Plaintiff must provide more than generalized allegations that they have not done enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison).

However, to state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that Defendants have not done enough to enforce six-feet social and living

distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19. See, e.g., Sanford v. Eaton, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and the other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread" of COVID-19); Blackwell, 2021 WL 915670, at *3 (concluding that "in order to state a cognizable Eighth Amendment claim against the warden plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread" of COVID-19). Plaintiff fails to allege facts showing how any individual was responsible for such failings, or allege a causal link between each Defendant and the claimed constitutional violation. See, e.g., Cedillos v. Youngblood, No. 1:21-cv-00138-DAD-BAM (PC), 2021 WL 2534534, at *3 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983 claims due to allegations of "failings in social distancing and unclean cells and showers" during COVID-19 pandemic, where plaintiff failed to allege causal link between defendants and violations); Stephen v. Tilestone, No. 2:20-cv-1841 KJN P, 2021 WL 289379 (E.D. Cal. Jan. 28, 2021) (concluding that plaintiff failed to allege Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any particular defendant violated his rights). Plaintiff's allegations are simply too vague and generalized to give rise to a constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on September 15, 2021, an order issued providing Plaintiff with the legal standards that applied to her claims, advising her of the deficiencies that needed to be corrected, and granting her leave to file an amended complaint within thirty days. (ECF No. 10.) Plaintiff did not file an amended complaint or otherwise respond to the Court's September 15, 2021 order. Therefore, on October 25, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 11.) Plaintiff failed to respond to the October 25, 2021 order, and the time to do so has now passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint and within thirty days of September 15, 2021 and has not done so. Accordingly, the operative pleading is the original complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's September 15, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 10.) In addition, the Court's October 25, 2021, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action." (ECF No. 11.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.
## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the September 15, 2021 and October 25, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this action to a District Judge.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 17, 2021**

UNITED STATES MAGISTRATE JUDGE